09-0451-cv
Gilbert v. LaSalle Bank Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of September, two thousand ten.

PRESENT: DENNIS JACOBS,
      <u>Chief Judge</u>,
  BARRINGTON D. PARKER,
  PETER W. HALL,
      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - -X
**Mae Ann Gilbert, Individually and as Executrix of the Estate of Richard P. Kelly,**
  <u>Platinff-Appellant</u>,

  **-v.-**              **09-0451-cv**

**LaSalle Bank Corporation <u>et al.</u>,**
  <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANT:**  Mae Ann Gilbert, <u>pro se</u>, Forest Hills, NY.

**APPEARING FOR APPELLEES:** Lyle Stewart Zuckerman, Vedder Price P.C., New York, NY, <u>for</u> Defendant-Appellee LaSalle Bank Corporation.

Patrick W. Begos, Begos Horgan & Brown, Westport, CT, <u>for</u> Defendant-Appellee Unum Provident Life Insurance Company.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff, Mae Ann Gilbert, <u>pro se</u>, appeals from a judgment of the United States District Court for the Southern District of New York (Kaplan, <u>J.</u>).  Gilbert asserted claims under the Employee Retirement Income Security Act of 1974 against Unum Provident Life Insurance Company, LaSalle Bank Corporation, and various employees of each.  Her claims against Unum were dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), and her claims against LaSalle on summary judgment.  We assume the parties' familiarity with the underlying facts, the case's procedural history, and the issues presented for review.

"We review <u>de novo</u> a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor."  <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir. 2002).  We review orders granting summary judgment <u>de novo</u> as well, examining whether "the moving party show[ed] that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law."  <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 300 (2d Cir. 2003).

2

After <u>de novo</u> review, we conclude for substantially the same reasons as the district court (which adopted the Magistrate Judge's Report & Recommendation) that Gilbert did not demonstrate that Unum failed to fulfill its fiduciary duty.  The duty to notify Richard Kelly of his life insurance conversion rights did not fall on Unum.  We further conclude, for substantially the same reasons as the district court (which adopted the Magistrate Judge's Report & Recommendation), that LaSalle fulfilled its obligation under the summary plan description to notify Kelly of his conversion rights.  See <u>Howard v. Gleason Corp.</u>, 901 F.2d 1154, 1159-61 (2d Cir. 1990) (holding that a correct statement of the beneficiary's rights, consistent with the summary plan description, satisfied the fiduciary's disclosure obligations).

Finding no merit in Gilbert's remaining arguments, we hereby **AFFIRM** the district court's judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
By:

_____

3